## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

|  |  |
|---|---|
| TVnGO Ltd.,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS, CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.<br><br>  Defendants. | Civil Action No.  25-cv-549<br><br>**JURY TRIAL DEMANDED** |

## <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

Plaintiff, TVnGO Ltd. ("TVnGO" or "Plaintiff"), for its Complaint against Defendants Samsung Electronics, Co. Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants") hereby alleges as follows:

## <u>NATURE OF THE ACTION</u>

1. This is an action for willful direct and indirect infringement of TVnGO's United States Patent Nos. RE50,328 (the "328 Patent") and RE50,399 ("the 399 Patent") (collectively, the "Asserted Patents") in violation of the Patent Act, 35 U.S.C. § 1, *et seq.* based on Samsung's unauthorized commercial making, use, offer for sale, and sale, and importation of Samsung Smart TVs in the United States.

## <u>THE PARTIES</u>

2. Plaintiff TVnGO is a limited liability company operating and existing under the laws of the British Virgin Islands, with its principal place of business at Palm Grove House, Road Town, Tortola, VG1110, British Virgin Islands. TVnGO, operating through its wholly

owned subsidiary TVnGO Israel, was a pioneer in the smart electronics industry having developed, patented, and marketed smart electronic device technology.

3.    In the mid-to-late 2000s, TVnGO went to great lengths to commercialize its patented inventions including meeting with electronics industry leaders, attending tradeshows, developing multiple business models, and manufacturing products. TVnGO also continued to invest in and further develop its patent portfolio, obtaining protection for its valuable and pioneering inventions in the smart television marketplace.

4.    On information and belief, Defendant Samsung Electronics, Co. Ltd. is a corporation organized under the laws of the Republic of Korea, having a place of business at 129, Samsung-Ro, Yeongtong-Gu, Gyeonggi. Samsung Electronics, Co. Ltd. may be served with process pursuant to Federal Rule of Civil Procedure 4(f)(1).

5.    Samsung Electronics, Co. Ltd. designs, manufactures, and provides to the United States and other markets a wide variety of hardware and software products and services, including consumer electronics, mobile phones, handheld devices, tablets, laptops and other personal computers, storage devices, televisions, and electronic devices

6.    Upon information and belief, Samsung Electronics America, Inc. is a corporation organized under the laws of New York, having a principal place of business at 85 Challenger Rd., Ridgefield Park, NJ 07660. Samsung Electronics America, Inc. maintains a place of business in this District at 12100 Samsung Blvd., Austin, TX 78754. Samsung Electronics America, Inc. may be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

7.    Upon information and belief, Samsung Electronics America, Inc. is a wholly owned subsidiary of Samsung Electronics, Co. Ltd and is responsible for domestic distribution

of Samsung's consumer products, including the instrumentalities accused of infringement herein.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

9.     Personal jurisdiction is proper over Samsung because it has conducted and continues to regularly conduct business within the State of Texas and this District. Samsung has purposefully and voluntarily availed itself of the privileges of conducting business in the United States, the State of Texas, and this District by continuously and systematically placing goods into the stream of commerce through an established distribution channel with the expectation that they will be purchased by consumers in this District. Samsung directly and/or through intermediaries (including distributors, sales agents, and others), ships, distributes, sells, offers to sell, imports, advertises, makes, and/or uses its products (including but not limited to the instrumentalities accused of infringement herein) in the United States, the State of Texas, and this District. On information and belief, Samsung has authorized retailers to offer and sell products on its behalf in this District, including instrumentalities accused of infringement herein. On information and belief, these retailers include but are not limited to Walmart Supercenter #939, 4230 Franklin Ave., Waco, TX 76710; Target, 5401 Bosque Blvd., Waco, TX 76710; Best Buy, 4627 S. Jack Kultgen Expy., Waco, TX 76706. Further, Samsung Electronics America, Inc. is registered to do business in Texas and maintains an agent for service of process in Texas. It maintains places of business within the Western District of Texas, including at 12100 Samsung Blvd., Austin, TX 78754.

10.    With regards to Samsung Electronics, Co. Ltd., venue is proper in this District under 28 U.S.C. § 1391(c)(3) because it is not a resident of the United States and may therefore be sued in any judicial district within the United Staes.

11.    With regards to Samsung Electronics America, Inc., venue is proper in this District under 28 U.S.C. § 1400(b) because Samsung Electronics America, Inc. has committed acts of patent infringement in this District and has a regular and established place of business in this District, including at 12100 Samsung Blvd., Austin, TX 78754.

## BACKGROUND

### A. THE ASSERTED PATENTS

12.    On March 4, 2025, the United States Patent and Trademark Office duly and legally issued U.S. Re-Issue Patent No. RE50,328 (the "328 Patent"), entitled "Forming overlays at user's premises and utilizing them for selective combinations of TV broadcast channel format material and IP-format material." The 328 Patent is a Re-Issue of U.S. Patent No. 9,407,969. A true and correct copy of the 328 Patent is attached hereto as **Exhibit 1**.

13.    On April 22, 2025, the United States Patent and Trademark Office duly and legally issued U.S. Re-Issue Patent No. RE50,399 (the "399 Patent"), entitled "Method And Apparatus For Facilitating Toggling Between Internet And Tv Broadcasts." The 399 Patent is a Re-Issue of U.S. Patent No. 8,132,220. A true and correct copy of the 399 Patent is attached hereto as **Exhibit 2**.

14.    Generally, the technology disclosed in the Asserted Patents relates to devices that make televisions "smart." For example, the Asserted Patents disclose an apparatus having the ability to merge broadcast TV signals with IP packet data at a user's home. This technology is

what allowed Samsung's TVs to evolve from simple display devices into internet-connected,

app-driven platforms capable of merging real-time data with traditional broadcasts.

15.     By way of representative example, the Asserted Patents claim video signals and

overlay-enabling digital data originating from unrelated sources and being transmitted to a

user's home. The overlay-enabling digital data may allow a user to access the Netflix app icon

while simultaneously viewing a live broadcast:



FIG. 1

16.     Samsung itself has recognized the long felt need for the technology disclosed in

the Asserted Patents. Indeed, as advertised by Samsung:

For decades, the television on its own was mainly used to watch broadcast content. Since the introduction of the Samsung Smart TV in 2008, however, the ***television has been transformed into a tool used to interact with the world***.

## B.  SAMSUNG SMART TVs

17.    Samsung unveiled its first Smart TV in 2008, more than three years after the Asserted Patents' respective priority dates.

18.    Samsung's very first Smart TV infringed the Asserted Patents, providing video signals and overlay-enabling digital data originating from unrelated sources:



19.    On information and belief, from 2008 through 2014, Samsung sold smart TVs utilizing its "Legacy Platform." The Samsung Legacy Platform Smart TVs have an antenna input which receives TV channel video as well as inputs for receiving Internet material, namely WiFi and LAN inputs. These Samsung Legacy Platform Smart TVs use overlays to display both the Internet material and the television content on the television screen.

20.     On information and belief, since 2015, Samsung has been manufacturing, offering for sale, selling, and importing smart TVs utilizing its "Tizen" operating system, which has since been updated several times. The Samsung Tizen Smart TVs have an antenna input which receives TV channel video as well as inputs for receiving Internet material, namely WiFi and LAN inputs. These Samsung Tizen Smart TVs use overlays to display both the Internet material and the television content on the television screen.

21.     On information and belief, there are over 145 Samsung Legacy Platform and Tizen Smart TVs that infringe the Asserted Patents. A true and correct copy of the infringing Samsung TV models (collectively, the "Accused Instrumentalities") is attached hereto as **Exhibit 3**.

**COUNT I**
**Infringement of U.S. Patent No. RE50,328**

22.     TVnGO realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

23.     The Accused Instrumentalities satisfy all claim limitations of one or more claims of the 328 Patent, including at least claim 13 of the 328 Patent. A claim chart comparing independent claim 13 of the 328 Patent to an example, representative Accused Instrumentality is attached hereto as **Exhibit 4**, which is hereby incorporated by reference in its entirety. Thus, Samsung makes, uses, offers for sale, sells, and imports products that directly infringe, literally or under the doctrine of equivalents, claims of the 328 Patent. TVnGO reserves the right to set forth alternative or other possible comparisons between one or more claims of the 328 Patent to the Accused Instrumentalities.

24.     Samsung's infringing use of the Accused Instrumentalities includes its internal use and testing of the Accused Instrumentalities.

25.    Samsung also knowingly and intentionally induces infringement of claims of the 328 Patent in violation of 35 U.S.C. § 271(b). Samsung has had knowledge of the 328 Patent and the infringing nature of the Accused Instrumentalities since at least as early as when this Complaint was filed and served on Samsung. Despite this knowledge of the 328 Patent, Samsung continues to actively encourage and instruct its customers and end users to use the Accused Instrumentalities in ways that directly infringe the 328 Patent. Samsung does so, knowing and intending that its customers and end users will commit these infringing acts. Samsung also continues to make, use, offer for sale, sell, and import the Accused Instrumentalities, despite its knowledge of the 328 Patent, thereby specifically intending for and inducing its customers to infringe the 328 Patent through the customers' normal and customary use of the Accused Instrumentalities.

26.    By making, using, offering for sale, selling and importing into the United States the Accused Instrumentalities, Samsung has injured TVnGO and is liable for infringement of the 328 Patent pursuant to 35 U.S.C. § 271.

27.    As a result of Samsung's infringement of the 328 Patent, TVnGO is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

## COUNT II
### Infringement of U.S. Patent No. RE50,399

28.    TVnGO realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

29.    The Accused Instrumentalities satisfy all claim limitations of one or more claims of the 399 Patent, including at least claim 13 of the 399 Patent. A claim chart comparing

independent claim 13 of the 399 Patent to an example, representative Accused Instrumentality is attached hereto as **Exhibit 5**, which is hereby incorporated by reference in its entirety. Thus, Samsung makes, uses, offers for sale, sells, and imports products that directly infringe, literally or under the doctrine of equivalents, claims of the 399 Patent. TVnGO reserves the right to set forth alternative or other possible comparisons between one or more claims of the 399 Patent to the Accused Instrumentalities.

30.    Samsung's infringing use of the Accused Instrumentalities includes its internal use and testing of the Accused Instrumentalities.

31.    Samsung also knowingly and intentionally induces infringement of claims of the 399 Patent in violation of 35 U.S.C. § 271(b). Samsung has had knowledge of the 399 Patent and the infringing nature of the Accused Instrumentalities since at least as early as when this Complaint was filed and served on Samsung. Despite this knowledge of the 399 Patent, Samsung continues to actively encourage and instruct its customers and end users to use the Accused Instrumentalities in ways that directly infringe the 399 Patent. Samsung does so, knowing and intending that its customers and end users will commit these infringing acts. Samsung also continues to make, use, offer for sale, sell, and import the Accused Instrumentalities, despite its knowledge of the 399 Patent, thereby specifically intending for and inducing its customers to infringe the 399 Patent through the customers' normal and customary use of the Accused Instrumentalities.

32.    By making, using, offering for sale, selling and importing into the United States the Accused Instrumentalities, Samsung has injured TVnGO and is liable for infringement of the 399 Patent pursuant to 35 U.S.C. § 271.

33.     As a result of Samsung's infringement of the 399 Patent, TVnGO is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

## **PRAYER FOR RELIEF**

For the foregoing reasons, TVnGO prays for relief and entry of judgment as follows:

a.   A judgment in favor of TVnGO that Samsung has infringed, either literally or under the doctrine of equivalents, each of the Asserted Patents

b.   A permanent injunction prohibiting Samsung from further acts of infringement of the Asserted Patents;

c.   A judgment and order requiring Samsung to pay TVnGO its damages, costs, expenses, and pre-judgment and post-judgment interest for Samsung's infringement of the Asserted Patents;

d.   A judgment and order requiring Samsung to provide an accounting and to pay supplemental damages to TVnGO, including without limitation, pre-judgment and post-judgment interest;

e.   A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to TVnGO its reasonable attorneys' fees against Samsung; and

f.   Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, TVnGO requests a jury trial on all issues so triable.

Dated: November 26, 2025          Respectfully submitted,

*/s/ David L. Hecht*
David L. Hecht
J. Tanner Murphy (*pro hac vice* forthcoming)
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, NY 10017
Tel: 212-851-6821
dhecht@hechtpartners.com
tmurphy@hechtpartners.com

*Counsel for Plaintiff TVnGO Ltd.*