**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **TVNGO LTD.,** | § | |
| ***Plaintiff,*** | § | |
| ***v.*** | § | **CASE NO. 7:25-CV-00549-DC-DTG** |
| **SAMSUNG ELECTRONICS CO. LTD.,** | § | |
| ***Defendant.*** | § | |

**ORDER GRANTING STAY PENDING *INTER PARTES* REVIEW (DKT. NO. 20)**

Pending before the Court is the defendant, Samsung Electronics Co. Ltd.'s Opposed Motion to Stay Pending *Inter Partes* Review. (Dkt. No. 20). Having considered the Motion, related briefings, and the parties' arguments, the Court finds that the Motion is **GRANTED**.

## I. BACKGROUND

The plaintiff, TVnGO Ltd., alleges that the defendant, Samsung Electronics Co. Ltd, infringes two patents: U.S. Patent Nos. RE50,328 (the '328 Patent) and RE50,399 (the '399 Patent). Dkt. No. 1 at ¶ 1. All asserted claims on both patents are currently subject to *inter partes* review. Dkt. No. 20 at 1. IPR2026-00213 and IPR2026-214 were both instituted on August 6, 2026. Dkt. No. 20-2. Final Written Decisions for the instituted *inter partes* reviews are due in August 2027. Dkt. No. 20 at 1. Further, at this stage of the proceeding, no scheduling order has been entered. An initial pretrial conference is scheduled for October 28, 2026. Dkt. No. 24. Pursuant to the Court's default schedule, trial is likely to be set for early 2028.

## II. ANALYSIS

Whether to grant a stay pending *inter partes* review is up to the Court's discretion. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). Courts consider three factors

when determining whether to grant a stay pending *inter partes* review: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-81, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

The defendant argues that all three factors favor staying this case. They note that all the asserted claims in all the asserted patents are subject to pending *inter partes* reviews. Dkt. No. 20 at 1. They point out that this case is in the early stages as a scheduling order has not been entered, the parties have not exchanged discovery or initial disclosures, and no claim construction hearing has occurred. Dkt. No. 20 at 5. The defendant also argues that the plaintiff will not be prejudiced because the plaintiff is a non-practicing entity, and the plaintiff is only entitled to monetary relief. *Id.* at 3. The defendant argues that a stay will simplify the case because institution on all asserted claims provides a high likelihood that the PTAB will find the claims unpatentable and *inter partes* reviews limit later invalidity arguments under the estoppel of 35 U.S.C. § 315(e). *Id.* at 5–6.

The plaintiff opposes a stay. *See* Dkt. No. 22. The plaintiff argues that factors one and three—prejudice and simplification—weigh against issuing a stay. The plaintiff did not address factor two—stage of the proceedings. They argue that a stay, which would continue through August 2027, would be substantially prejudicial because the '399 Patent expires on December 12, 2026, and the '328 Patent expires on February 22, 2028. Dkt. No. 22 at 3. The plaintiff also

argues that a stay would not simplify the case because courts must look to the strength of the instituted *inter partes* reviews, and, here, the PTAB's Institution Decision lacked an accompanying analysis that would allow the Court to analyze its strength. *Id.* at 7–8.

Having considered the factors outlined above and the unique circumstances of this case, the Court finds that a stay is justified. The Court finds that a stay would not unduly prejudice the plaintiff. While some prejudice will accompany a delay, the Court finds that insufficient under the facts and circumstances of this case to outweigh the benefits of a stay. The Asserted Patents in this case will expire before trial regardless of whether the Court grants a stay. Additionally, the early stage of this case weighs in favor of a stay as final written decisions should issue before this case could proceed to trial. Moreover, the Court is not persuaded by the plaintiff's arguments that the strength of the PTAB's Institution Decision is weak. *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-cv-00390, 2019 WL 3826051, at *2 (E.D. Tex. Aug. 14, 2019) ("[I]nstitution decisions are not as useful as they were in the past for providing an indication of whether all claims would be found unpatentable."). Such argument is too speculative to have any effect on the stay analysis. Under these unique facts, the Court finds that a stay is warranted in this case.

## III. CONCLUSION

Considering the above, the Defendant's Motion to Stay Pending *Inter Partes* Review (Dkt. No. 20) is **GRANTED**. The parties are **ORDERED** to file a joint notice updating the Court as to the status of the *inter partes* review every ninety (90) days, within fourteen (14) days of the conclusion of any *inter partes* review, and a motion requesting a status conference within thirty (30) days of the Final Written Decision.

Further, in light of this Order, the initial pretrial conference set for October 28, 2026, is **HEREBY CANCELLED**.

**SIGNED** this 21st day of October, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE